**Opinion issued January 23, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00867-CV

———————————

**WHOLESALE, INC., Appellant**

**V.**

**HOUSTON SPECIALTY INSURANCE COMPANY, Appellee**

---

**On Appeal from the 11th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2020-28358**

---

## MEMORANDUM OPINION

Wholesale, Inc., a wholesale automobile dealer, seeks permission to bring a permissive interlocutory appeal in this Court from the trial court's November 4, 2023 order determining the amount of available insurance coverage for the underlying incident. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(d), (f).  Based on

the reasons detailed below, we deny Wholesale's petition and refuse to accept this permissive interlocutory appeal.

## Background

Wholesale obtained insurance from Houston Specialty Insurance Company ("HSIC") to insure an inventory of motor vehicles. In 2020, a tornado caused over $13 million in damages to Wholesale's inventory, and HSIC paid $7 million of the loss. Wholesale then sued HSIC, maintaining that the available insurance coverage is at least $21 million. HSIC contends the applicable policy limit is $7 million.

On November 4, 2023, the trial court signed an order agreeing with HSIC's position—that the amount of the applicable insurance coverage is $7 million, subject to other policy terms and conditions. The trial court's order also broadly states:

> With no disputed facts on the issue before the Court, the Court's order involves a controlling question of law as to which there is a substantial ground for difference of opinion, and an immediate appeal from the order may materially advance the ultimate termination of the litigation. The Court grants permission to appeal this order, subject to approval by the court of appeals pursuant to TEX. R. APP. P. 28.3.

Wholesale's petition, however, cuts against the trial court's conclusion that an immediate appeal may bring about the ultimate termination of the litigation. In that regard, Wholesale states that it has an alternative claim against the insurance broker, who allegedly failed to procure insurance to adequately cover the

2

inventory, and that such claim has been severed into a separate but related lawsuit. Wholesale also acknowledges that HSIC has additional counterclaims, and contends the trial court granted a separate trial on them.

## Governing Law

Section 51.014(d) of the Texas Civil Practice and Remedies Code states that a trial court "may, by written order, permit an appeal from an order that is not otherwise appealable" if: (1) the order sought to be appealed "involves a controlling question of law as to which there is a substantial ground for difference of opinion" and (2) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." TEX. CIV. PRAC. & REM. CODE § 51.014(d).

Rule 168 of the Texas Rules of Civil Procedure adds a specificity requirement on the trial court. Rule 168 mandates that the trial court's order "*must identify* the controlling question of law as to which there is a substantial ground for difference of opinion, and *must state why* an immediate appeal may materially advance the ultimate determination of the litigation." TEX. R. CIV. P. 168 (emphasis added).

A court of appeals "may accept" an appeal that is "permitted" by section 51.014(d) if: (1) the appealing party timely files "an application for interlocutory

3

appeal (2) *explaining why* an appeal is warranted under subsection (d)." TEX. CIV. PRAC. & REM. CODE § 51.014(f) (emphasis added).

Texas Rule of Appellate Procedure 28.3(e)(4) also adds a specificity requirement on the appealing party. Rule 28.3(e)(4) states that the appealing party's petition "*must . . . argue clearly and concisely why* the order to be appealed" satisfies those two requirements. TEX. R. APP. P. 28.3(e)(4) (emphasis added); *see Indus. Specialists, LLC v. Blanchard Refining Co.*, 652 S.W.3d 11, 14 (Tex. 2022).

## Analysis

Here, the trial court's order does not comply with the plain, mandatory language of section 51.014(d) and rule 168. The order states in broad, conclusory language that it "involves a controlling question of law as to which there is a substantial ground for difference of opinion" and that "an immediate appeal from the order may materially advance the ultimate termination of the litigation."

But the order fails to go further and "*identify* the controlling question of law as to which there is a substantial ground for difference of opinion." TEX. R. CIV. P. 168 (emphasis added). The order also fails to "*state why*" an immediate permissive appeal "may materially advance the ultimate termination of the litigation." *Id.* (emphasis added); *see Scarborough v. City of Hous.*, No. 01-16-00302-CV, 2017 WL 117329, at *1 (Tex. App.—Houston [1st Dist.] Jan. 12, 2017,

4

no pet.) (per curiam) (mem. op.) (denying permissive appeal because order did not identify controlling legal issues or state why immediate appeal may materially advance ultimate termination of litigation).

Wholesale's petition likewise does not comply with the plain, mandatory language of appellate rule 28.3(e)(4) and section 51.014(f).  Wholesale's petition asserts that "all parties agree that there is a threshold issue of coverage"—but HSIC states in its response that it "does not agree with the Issue Presented, as worded in Appellant's Petition for Permission to Appeal."  According to HSIC, the coverage issues in question are only correctly stated in the parties' briefing below.

Additionally, Wholesale's petition does not contain any argument that "clearly and concisely" "explain[s] why" an immediate permissive appeal "may materially advance the ultimate termination of the litigation." *See* TEX. R. APP. P. 28.3(e)(4); TEX. CIV. PRAC. & REM. CODE § 51.014(f).

Instead, Wholesale just broadly asserts that resolution of the coverage issue at hand (as worded by Wholesale and disputed by HSIC) "will materially advance the litigation; will probably facilitate a resolution; and will avoid the possibility of two full-blown trials that will occupy the trial court's resources, perhaps unnecessarily."  And that "[h]aving a final decision on a streamlined question of law prior to spending the trial court's time and resources on what could be two separate trials (one against HSIC, the other against the broker, depending on

5

resolution of the coverage issue) made sense to both parties, and the trial court agreed."

But Wholesale admits that even if we agreed with the trial court's order, the litigation would continue because it raised an alternative argument for coverage that depends on the invalidity of an endorsement to the insurance policy. And Wholesale also admits if we determined that the trial court's order was erroneous, the litigation would also continue due to pending counterclaims. "[W]hen other issues are left pending in the litigation, ultimate termination of the litigation is not advanced by allowing immediate appeal of an otherwise interlocutory order." *Estate of Barton*, No. 06-21-00009-CV, 2021 WL 1031540, at *5 (Tex. App.—Texarkana Mar. 18, 2021, no pet.) (mem. op.).[1] The purpose of a permissive appeal is to permit "expedited appellate disposition of focused and potentially dispositive legal questions." *Armour Pipe Line Co. v. Sandel Energy, Inc.*, No. 14-16-00010-CV, 2016 WL 514229, at *4 (Tex. App.—Houston [14th Dist.] Feb. 9, 2016, no pet.) (memo. op.). "This purpose is not served when a permissive appeal is used to obtain piecemeal appellate review of ordinary interlocutory orders." *See*

---

[1] *See also ADT Sec. Servs., Inc. v. Van Peterson Fine Jewelers*, No. 05-15-00646-CV, 2015 WL 4554519, at *3 (Tex. App.—Dallas July 29, 2015, no pet.) (mem. op.) (permissive appeal would not materially advance ultimate termination of litigation because, regardless of result on appeal, "neither party would seek judgment without further litigation").

*Harmeet Singh v. Rategain Travel Techs. Ltd.*, No. 05-23-01088-CV, 2023 WL 8642555, at \*2 (Tex. App.—Dallas Dec. 14, 2023, no pet.) (mem. op.).

Therefore, for all the specific reasons detailed above, and in accordance with new subsection (g) of Texas Civil Practice and Remedies Code section 51.014, we deny Wholesale's petition and refuse to accept this permissive interlocutory appeal.[2]

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Landau and Rivas-Molloy.

---

[2] *See* TEX. CIV. PRAC. & REM. CODE § 51.014(g).